# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3920

———————

United States of America,

        Appellee,

v.

Denaine L. Allen,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: October 16, 2008
Filed: March 30, 2009

———————

Before RILEY, BOWMAN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Denaine L. Allen entered into a plea agreement in which he agreed to plead guilty to possessing with the intent to distribute five grams or more of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(B). The agreement recognized that under the United States Sentencing Guidelines, the base offense level for Allen's offense was 26. The District Court[1] conducted a plea hearing and reviewed the plea agreement with Allen. After testifying that he understood the agreement and its ramifications, Allen pleaded guilty. The United States Probation Office then prepared a presentence investigation

———

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

report (PSIR), which concluded that the career-offender enhancement of Guidelines § 4B1.1 applied in calculating Allen's sentence, resulting in a new offense level of 37. The government agreed that the § 4B1.1 enhancement applied. Allen subsequently filed a motion to withdraw his guilty plea, claiming that the government breached the plea agreement by supporting the application of the enhancement. At sentencing, the District Court found that the government had not breached the plea agreement and denied Allen's motion to withdraw his plea of guilty. The court then adopted the sentencing calculations contained in the PSIR, including the application of the § 4B1.1 enhancement, and sentenced Allen to 262 months' imprisonment.

On appeal, Allen asserts that the District Court abused its discretion by refusing to allow him to withdraw his guilty plea after the government breached the plea agreement. Finding no breach on the part of the government, we affirm the judgment of the District Court.

Allen argues that the government's endorsement of the § 4B1.1 enhancement breached the plea agreement. Quite simply, Allen asserts that the application of the enhancement, which brought his offense level to 37, was inconsistent with the parties' agreement that his base offense level would be 26. Allen's argument is foreclosed by our decisions in United States v. Leach, 491 F.3d 858, 863–65 (8th Cir.), cert. denied, 128 S. Ct. 682 (2007) and United States v. Martinez-Noriega, 418 F.3d 809, 811–13 (8th Cir. 2005). Like the plea agreements in those cases, Allen's plea agreement only stipulated to his base offense level under Chapter Two of the Guidelines. "Although the parties were free to do so, they did not address possible adjustments 'from Part B of Chapter Four,' which includes the enhanced offense levels . . . ." Leach, 491 F.3d at 864 (quoting U.S.S.G. § 1B1.1(f)). "[B]y stipulating to a base offense level, '[the] defendant has solidified where he will start in Chapter Two of the guidelines, but he has not protected himself against adjustments in Chapter Four.'" Id. (quoting Martinez-Noriega, 418 F.3d at 813).

Paragraph 11 of Allen's plea agreement contained the same language as the plea agreement in Leach: "The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed . . . . As to any other Guidelines issues, the parties are free to advocate their respective positions at [sentencing]." Plea Agreement at ¶ 11; see also Leach, 491 F.3d at 865. We conclude, therefore, that as in Leach, "the government was free to advocate for the § [4B1.1] enhancement because it was an issue that had not been agreed to or specifically listed in the agreement." Leach, 491 F.3d at 865. Accordingly, the government did not breach the plea agreement.

The District Court did not err when it refused to allow Allen to withdraw his plea of guilty based on the government's support of the sentencing enhancement. The judgment of the District Court is affirmed.

_____